## Vacancy in Office of Recorder of Deeds.

*Public officers—Recorder of deeds—Vacancy by death—Appointment by Governor—Interim appointment—Acts of July 2, 1839, May 15, 1874, and March 17, 1897.*

Under the Acts of July 2, 1839, P. L. 559, May 15, 1874, P. L. 205, and March 17, 1897, P. L. 4, and article xiv, section 2, and article iv, section 8, of the Constitution, where a vacancy occurs by death in the office of recorder of deeds, the Governor may, by appointment, fill the vacancy until the proper time for election to the office arrives and the newly-elected recorder is qualified.

Department of Justice.   Opinion to Hon. Gifford Pinchot, Governor of Pennsylvania.

WOODRUFF, Att'y-Gen., July 10, 1926.—Some question has arisen as to your authority to fill by appointment the vacancy created in the office of Recorder of Deeds at Erie County by reason of the death of Mr. F. M. Plate, the late incumbent.

The precise question involved is whether this vacancy, resulting from the death of Mr. Plate after entering upon his duties, may be filled by appointment up to the time that the election provided by law under such circumstances can be held and the newly-elected recorder qualified, or whether such vacancy may be filled only as a result of such election?

Section 2 of article xiv of the Constitution of Pennsylvania provides, with reference to county officers, that "all vacancies, not otherwise provided for, shall be filled in such manner as may be provided by law."

Assuming that section 4 of the Act of July 2, 1839, P. L. 559, which pro-

vided as follows: "That whenever any vacancy occurs in any of the said offices, the qualified electors of the proper county shall, at the next annual election thereafter, elect, for the term of three years, a successor to fill the said vacancy, in the same manner as is hereinbefore provided in other cases," applied, at the time of the adoption of the present Constitution, to the filling of any vacancy occurring in the office of recorder of deeds by requiring the filling of such office "at the next annual election thereafter," it still failed to make provision for the filling of said office during the interim between the death of the incumbent and such election. This interim, therefore, represented a vacancy "not otherwise provided for," and the Act of May 15, 1874, P. L. 205, which reads as follows: "That in case of a vacancy happening by death, resignation or otherwise, in any office created by the Constitution or laws of this Commonwealth, and where provision is not already made by said Constitution and laws to fill said vacancy, it shall be the duty of the Governor to appoint a suitable person to fill such office, who shall be confirmed by the Senate, if in session, and who shall continue therein and discharge the duties thereof till the first Monday of January next succeeding the first general election which shall occur three or more months after the happening of such vacancy," provided the manner of filling such vacancy within the meaning of that part of section 2 of article XIV which reads, "in such manner as may be provided by law."

It seems clear that the said Act of May 15, 1874, was passed to assist in carrying out the above provision of the Constitution, and that such provision had in contemplation a situation similar to the present, which appears not to be "otherwise provided for." It likewise was passed to supplement and assist in carrying out that part of article IV, section 8, of the Constitution which empowered the Governor "to fill any vacancy that may happen, . . . in any . . . elective office which he is *or may be* authorized to fill."

The same reasoning likewise applies after the passage of the Act of March 17, 1897, P. L. 4, which amends section 4 of the said Act of 1839 so as to read as follows: "That in case of the death of any person elected to any of the said offices before entering upon the duties thereof, it shall be the duty of the Governor to appoint a suitable person to fill such office, who shall be confirmed by the Senate, if in session, and who shall continue therein and discharge the duties thereof until the first Monday of January next succeeding the first general election which shall occur three or more months after the appointment of such officer and until his successor shall be duly qualified; and whenever any vacancy in any such office shall otherwise occur, a successor shall be elected at the next general election which shall occur three or more months after the happening of such vacancy, who shall hold his office for three years and until his successor shall be qualified."

While the Act of 1897 is admittedly not drawn in such manner as to render the meaning of certain of its provisions free from all doubt, the fact still remains that in the case of a recorder of deeds who has died *after* entering upon his duties there is an interim up to the time of the election of his successor in accordance with article IV, section 8, of the Constitution, as amended, when there is a vacancy, provision for filling which is "not otherwise provided for," and it is, therefore, proper to fill it in "such manner as may be provided by law," which manner is specified in the said Act of May 15, 1874. It is no answer to this to say that the filling of such interim vacancy is "otherwise provided for" by the qualification of the deputy recorder under the terms of the Act of Feb. 12, 1874, P. L. 43, since this act simply provides that such deputy shall "discharge the duties imposed by law upon his

principal *until* the *appointment* and qualification of his (the principal's) successor."

Furthermore, the Acts of May 15, 1874, and March 17, 1897, are clearly *in pari materia;* the latter is not an amendment of the former, and I am of the opinion that there is no such necessary inconsistency in their provisions as to result in a repeal by implication of the former by the latter. In brief, the Act of March 17, 1897, provided for the filling of vacancies in certain county offices, including that of recorder, by election, and the Act of May 15, 1874, provided for the filling of such vacancies by appointment during the interim elapsing up to the time of filling the office as the result of such election. An examination of the last half of section 8 of article IV of the Constitution likewise reveals adequate provision for this same method of filling vacancies in elective offices.

While it is not, of course, in itself conclusive, it has been the unchallenged practice for years to fill such vacancies as the one in the instant case by appointment until the proper time for election to the office arrives and the newly-elected recorder is qualified.

You are, therefore, advised that you have authority to fill by appointment the vacancy now existing in this office, the newly-appointed recorder, in case you do appoint, to remain in office until his or her successor can be and is elected and qualified in the manner provided by law.

From C. P. Addams, Harrisburg, Pa.